UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATTHEW CARELLO,

    Plaintiff,

v.

AURORA POLICEMEN CREDIT UNION,

    Defendant.

No. 17 C 9346

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Matthew Carello alleges that the website for the Aurora Policemen Credit Union violates the Americans with Disabilities Act because it is not accessible to people who are blind. The Credit Union has moved to dismiss for lack of standing. R. 15. For the following reasons, that motion is granted.

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim over which the Court lacks subject matter jurisdiction "at any time." *See* Fed. R. Civ. P. 12(h)(3). "Facial challenges [to subject matter jurisdiction] require only that the Court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (emphasis in original); *see, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to

support a claim."). "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013).

## Background

Carello is permanently blind and uses screen reading software to access websites. R. 1 ¶ 2. Unless a website is designed to be read by such software, a person who is blind cannot fully access the website. *Id.* ¶ 11. Carello alleges that the Credit Union's website cannot be accessed by screen reading software. *Id.* ¶ 17. Carello also alleges that he has unsuccessfully tried to access the website several times, and that the barriers to the website have also deterred him from visiting the Credit Union's physical locations. *Id.* ¶ 19. Carello has not alleged that he cannot access the Credit Union's physical locations.

The Credit Union is governed by Illinois law requiring that its membership be limited to a specific group of individuals. *See* 205 ILCS 305/1.1. Carello does not allege that he is eligible to be a member of the Credit Union, *see* R. 1, and he does not dispute the Credit Union's assertion that he is ineligible. *See* R. 34 at 1.

## Analysis

To have standing to bring a claim, a plaintiff must allege that the defendant caused him to suffer an "injury in fact," i.e., "an invasion of a legally protected interest" that is "concrete and particularized," "actual and imminent," and "not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Carello is ineligible to be a member of the Credit Union. Since he cannot be a member, even if the website were made accessible to people who are blind, any increased

2

accessibility of the website would not be of any material benefit to Carello. And since the relief Carello seeks would not benefit him, he has failed to allege an injury. *See Dahlberg v. Avis Rent A Car Sys., Inc.*, 92 F. Supp. 2d 1091, 1110 (D. Colo. 2000) (plaintiff did not have standing to seek injunction requiring hand controls in cars because he would be unable to use the cars even if they were equipped with hand controls). Several courts have recently dismissed claims nearly identical to Carello's for lack of standing. *See Mitchell v. Dover-Phila Fed. Credit Union*, 2018 WL 3109591 (N.D. Ohio June 25, 2018); *Carroll v. Roanoke Valley Cmty. Credit Union*, 2018 WL 2921106 (W.D. Va. June 11, 2018); *Carroll v. Farmers and Miners Bank*, 2018 WL 1659481 (W.D. Va. Apr. 5, 2018); *Carroll v. Wash. Gas Light Fed. Credit Union*, 2018 WL 2933412 (E.D. Va. Apr., 4, 2018); *Carroll v. ABNB Fed. Credit Union*, 2018 WL 1180317 (E.D. Va. Mar., 5, 2018); *Griffin v. Dep't of Labor Fed. Credit Union*, 293 F. Supp. 3d 576 (E.D. Va. 2018); *Carroll v. Northwest Fed. Credit Union*, 2018 WL 2933407 (E.D. Va. Jan. 26, 2018). So too must Carello's claim be dismissed for lack of standing.

Carello relies on *Gniewkowski v. Lettuce Entertain You Enterprises*, in which the court held that a plaintiff who is blind has standing to bring a claim against a bank for a website inaccessible to people who are blind. 251 F. Supp. 3d 908 (W.D. Pa. 2017). Carello's reliance on *Gniewkowski* is misplaced, however, because the bank in that case was not statutorily restricted to a certain membership pool, as is the case with the Credit Union. Since there was nothing preventing the plaintiff in that case

from using the bank's services, the inaccessibility of the website injured the plaintiff who was a prospective client of the bank.

Citing a case from the Third Circuit, Carello argues that the fact that he is not a "client or customer" of the Credit Union does not mean that he lacks standing because the ADA protects "people" with disabilities and not just "clients or customers." *See* R. 34 at 1-5 (citing *Menkowitz v. Pottstown Mem. Med. Ctr.*, 154 F.3d 113, 118-23 (3d Cir. 1998)). But as *Menkowitz* shows, this argument is relevant to the statutory scope of the ADA and has nothing to say about whether Carello has alleged an injury in fact. True, the ADA applies to more people than just those who can be described as "customers and clients." But that does not mean that an inability to be a customer and client—as is the case with Carello's relationship to the Credit Union— is not relevant to analyzing whether Carello has alleged an injury in fact. As discussed, Carello's failure to allege that he is eligible to be a member of the Credit Union is fatal to his claims in this case.

Carello also argues that his inability to access the Credit Union's website due to his disability constitutes an injury to his dignity. *See* R. 34 at 5-6. He cites cases holding that a "dignitary interest" can be relevant to determining whether a plaintiff has been injured. *See, e.g.*, *Shaver v. Ind. Stave Co.*, 350 F.3d 716, 724 (8th Cir. 2003) ([T]he mere fact of discrimination offends the dignitary interest that the statutes are designed to protect, regardless of whether the discrimination worked any direct economic harm to the plaintiffs."). The problem with this argument is that all these cases concern claims under Title I of the ADA, which prohibits discrimination in

4

hiring), *see id.* at 719 (claim for harassment and retaliation in employment), whereas Carello brings his claim under Title III for denial of access to a public accommodation.[1] A plaintiff's dignity is implicated in discrimination claims to the extent that the plaintiff is injured by being rejected based on his disability instead of the merits of his application. Carello can point to no analogous injury here.

In contrast to the role of dignitary interest in Title I claims, courts have consistently held that a plaintiff bringing a Title III claim must demonstrate that he has an intent to use the accommodation in question in the future. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) ("While we agree that Scherr need not engage in the 'futile gesture' of traveling to each of the other fifty-six Courtyard Marriotts to establish that she has actual knowledge of an alleged ongoing violation at each of the facilities, as we held above she still must assert an intent to return to the particular place (or places) where the violations are alleged to be occurring. Scherr shows such intent with respect to the Overland Park Courtyard Marriott, but she makes no such showing with regard to any of the other fifty-six Courtyard Marriotts."). This is in part due to the fact that Title III provides for injunctive relief only. *See id.* at 1075. Injunctive relief is not warranted in circumstances where the plaintiff has no intent to access the accommodation. *See id.* at 1074 ("[T]o establish injury in fact when seeking prospective injunctive relief, a

---

[1] "The ADA is organized into three titles prohibiting discrimination across three major spheres of public life: employment (Title I); public services, programs, and activities (Title II); and public accommodations (Title III)." *Lacy v. Cook County*, 2018 WL 3617603, at *2 (7th Cir. July 30, 2018).

5

plaintiff must allege a "real and immediate" threat of future violations of their rights[.]").

Here, the fact that Carello is ineligible to be a member of the Credit Union means he has no plausible material reason for accessing the Credit Union's website. All the information on the Credit Union's website is only useful for people who can become members of the Credit Union. Since Carello cannot become a member of the Credit Union, it is simply not plausible that he intends to access the website in the future. His dignity is not truly implicated absent a plausible intent to access the website in the future.

## Conclusion

For the foregoing reasons, the Credit Union's motion, R. 15, is granted, and Carello's complaint is dismissed without prejudice.

ENTERED:

_Thomas M Durkin_
Thomas M. Durkin
United States District Judge

Date: August 7, 2018